IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ASHLEY MARIE MOYA, | : | |
| *Plaintiff* | : | |
| | : | |
| VS. | : | CIVIL ACTION NO. _____ |
| | : | |
| ADVO SADIC and | : | |
| HUSKY TRANSPORTATION, INC., | : | |
| *Defendants* | : | |

## <u>INDEX OF MATTERS BEING FILED</u>

1.    County Court at Law No. 1, County Court Civil Case Docket Sheet;

2.    Plaintiff's Original Petition with Interrogatories, Request for Production and Request for Disclosure;

3.    Citation and Officer's Return of service on Husky Transportation, Inc.;

4.    Citation on Advo Sadic;

5.    Original Answer of Defendant Husky Transportation, Inc.; and

6.    Original Answer of Defendant Avdo Sadic.

Undersigned counsel hereby certified that the above constitutes the entire State Court's record, as represented by the Clerk of Court, State Court of Hidalgo County, State of Texas.

Respectfully submitted,

By: _\s\ Barry Ray_____

**BARRY RAY**
State Bar No. 16606355
Fed. I.D. No. 15705
bray@adamsgraham.com
**ADAMS & GRAHAM L.L.P.**
P. O. Drawer 1429
Harlingen,, Texas 78551-1429
Telephone:  (956) 428-7495
Facsimile:   (956) 428-2954

Attorneys    for    _Defendants_    HUSKY
TRANSPORTATION, INC. and AVDO SADIC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded on this 24th day of March, 2017, to the following counsel of record:

John G. Escamilla                                                    _Via E-filing_
**Escamilla Law Firm, PLLC**
1021 Martin Avenue
McAllen, Texas 78504
and
Louis "Doc" Patino                                                   _Via E-filing_
PATINO & ASSOCIATES, P.L.L.C.
1802 N. 10th Street
McAllen, Texas 78501
_Counsel for Plaintiff_

_\s\ Barry Ray_____
**BARRY RAY**

Ashley Marie Moya v. Avdo Sadic and
Husky Transportation, Inc.

# TAB 1

## TO INDEX OF MATTERS BEING FILED

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back                                                    Location . All Courts  Images

# REGISTER OF ACTIONS
CASE NO. CL-17-0640-A

| | | | |
|---|---|---|---|
| Ashley Marie Moya VS. Avdo Sadic, Husky Transportation, Inc. | § § § § § | Case Type: | **Injury or Damage - Motor Vehicle (OCA)** |
| | | Date Filed: | **02/15/2017** |
| | | Location: | **County Court at Law #1** |

---

## PARTY INFORMATION

| | | | |
|---|---|---|---|
| Defendant | Husky Transportation, Inc. | | **Attorneys**<br>**BARRY RAY**<br>*Retained*<br>956-428-7495(W) |
| Defendant | Sadic, Avdo | | **BARRY RAY**<br>*Retained*<br>956-428-7495(W) |
| Plaintiff | Moya, Ashley Marie | | **John G. Escamilla**<br>*Retained*<br>956-618-4999(W) |

---

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 02/15/2017 | Original Petition (OCA) |
| | *Plaintiff Ashley Moya's Original Petition, Request for Disclosure, Interrogatories and Requests for Production* |
| 02/16/2017 | Citation Issued |
| | *CITATION ISUED TO AVDO SADIC* |
| 02/16/2017 | Citation Issued |
| | *CITATION ISSUED TO HUSKY TRANSPORATION* |
| 02/16/2017 | Citation Issued |
| | *CITATION ISSUED TO HUSKY* |
| 02/16/2017 | Citation Issued |
| | *CITATION ISSUED AVDO SADIC* |
| 03/02/2017 | Service Returned - Served |
| | *HUSKY TRANSPORTATION* |
| 03/21/2017 | Answer |
| | *H-1259-Deft Husky Transportation, Inc.'s Original Answer* |
| 03/22/2017 | Answer |
| | *H-1259-Defendant Avdo Sadic's Original Answer* |

---

## FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant Husky Transportation, Inc.**<br>Total Financial Assessment<br>Total Payments and Credits<br>**Balance Due as of 03/23/2017** | | | 2.00<br>2.00<br>**0.00** |
| 03/21/2017 | Transaction Assessment | | | 2.00 |
| 03/21/2017 | EFile Payments from TexFile | Receipt # 2017-013393 | Husky Transportation, Inc. | (2.00) |
| | **Defendant Sadic, Avdo**<br>Total Financial Assessment<br>Total Payments and Credits<br>**Balance Due as of 03/23/2017** | | | 2.00<br>2.00<br>**0.00** |
| 03/22/2017 | Transaction Assessment | | | 2.00 |
| 03/22/2017 | EFile Payments from TexFile | Receipt # 2017-013519 | Sadic, Avdo | (2.00) |
| | **Plaintiff Moya, Ashley Marie**<br>Total Financial Assessment<br>Total Payments and Credits<br>**Balance Due as of 03/23/2017** | | | 324.00<br>324.00<br>**0.00** |
| 02/15/2017 | Transaction Assessment | | | 324.00 |

| 02/15/2017 | EFile Payments from TexFile | Receipt # 2017-007532 | Moya, Ashley Marie | (324.00) |

Ashley Marie Moya v. Avdo Sadic and
Husky Transportation, Inc.

# TAB 2

## TO INDEX OF MATTERS BEING FILED

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

CAUSE NO. _____

| | | |
|---|---|---|
| **ASHLEY MARIE MOYA,** | § | **IN THE COUNTY COURT** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **NO. ___ OF** |
| | § | |
| **AVDO SADIC and HUSKY** | § | |
| **TRANSPORTATION, INC.** | § | |
| | § | |
| *Defendants.* | § | **HIDALGO COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, INTERROGATORIES AND REQUESTS FOR PRODUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ASHLEY MARIE MOYA (Plaintiff), complaining of AVDO SADIC and HUSKY TRANSPORTATION, INC. (Defendants), and would respectfully show the Court as follows:

### I.
### DISCOVERY TRACK

**1.1** Consistent with the requirements of Texas Rule of Civil Procedure 190.1, Plaintiff alleges that discovery should be conducted under Level 3 of the Rule. Therefore, Plaintiff moves that the Court enter a discovery control plan pursuant to Level 3, Rule 190.4, of the Texas Rules of Civil Procedure.

---

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

CL-17-0640-A

## II.
## CLAIM FOR RELIEF

**2.1**     Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff states it

is seeking monetary relief over $200,000.00 but not more than $750,000.00. TEX. R. CIV.

P. 47(c)(4).

## III.
## PARTIES

**3.1**     Plaintiff Ashley Marie Moya [hereinafter referred to as "MOYA"] is a natural

person and a resident of Hidalgo County, Texas.  She brings suit herein in her individual

capacity.

**3.2**     Defendant Avdo Sadic [hereinafter referred to as "SADIC"] is a natural person

who resides in Macomb, Michigan.  Defendant SADIC may be served with process by serving

him at his residence at 47992 Thistle Drive, Macomb, Michigan 48044 or wherever he may be

found.

**3.3**     Defendant Husky Transportation, Inc. [hereinafter referred to as "HUSKY

TRANSPORTATION"], a foreign corporation organized and existing under the laws of the State

of Michigan, whose home-office address is 21895 Preserve Ct., Township of Macomb, County

of Macomb, State of Michigan 48042, may be served with process by serving the Texas

Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because

Defendant HUSKY TRANSPORTATION (a) has not designated or maintained a resident agent

for service of process in Texas as required by statute, (b) engages in business in Texas but has

not designated or maintained a resident agent for service of process in Texas, and (c) engages in

business in Texas but does not maintain a regular place of business in Texas or a designated

agent for service of process, and this suit arose from Defendant's business in Texas.

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

## IV.
## VENUE

**4.1** Venue is proper in Hidalgo County pursuant to Section 15.002 of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in Hidalgo County, Texas.

## V.
## JURISDICTION

**5.1** Jurisdiction is appropriate in this Court in that this is a lawsuit seeking damages in excess of the minimum jurisdictional limits of this Court.

**5.2** The court has jurisdiction over Defendants, non-residents, because Defendants purposefully availed themselves of the privileges and benefits of conducting business in Texas by engaging in business in Texas by contracting with a Texas resident. The contract was to be performed in whole or in part in Texas by Defendants. Moreover, this Court has jurisdiction over the Defendants because they committed a tort, which is the subject of this suit, in whole or in part in Texas. Additionally, this Court has jurisdiction over the Defendants because they operated a motor vehicle in Texas that was involved in a collision or accident.

**5.3** Plaintiff's claims raise no Federal question. Plaintiff seeks no relief under a Federal Law, statute, regulation, treaty, or constitution, nor do Plaintiff's rights to relief necessarily depend on the resolution of a substantial question of federal law.

## VI.
## FACTS

**6.1** This case involves substantial bodily injuries to Plaintiff ASHLEY MARIE MOYA occurring on or about December 19, 2016, as a result of a collision between a commercial motor vehicle motor vehicle operated by Defendant SADIC and a vehicle operated by Plaintiff MOYA.

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

CL-17-0640-A

**6.2** On or about December 19, 2016, Defendant SADIC, while acting in the course and scope of his employment and/or statutory employment with Defendant HUSKY TRANSPORTATION, was driving a 2006 Volvo Model 804 tractor-trailer, VIN number 4V4NC9GH56N431821. SADIC while heading north on the 1300 block of Business Park Lane in Mission, Texas, failed to yield the right-of-way to oncoming traffic by failing to stop at the posted stop sign. At the same time, Plaintiff was traveling westbound at the 1000 block of Trinity Road. As she approached the intersection of Business Park Lane and Trinity Road, Defendant SADIC ran the posted stop sign. As a result of Defendant SADIC's complete disregard for the stop sign in deliberate disregard of traffic laws and the safety of others on the road, Defendant SADIC struck the left front quadrant of Plaintiff's vehicle with his vehicle's right front quadrant. The crash caused substantial property damage to Plaintiff's vehicle given the weights of SADIC's vehicle and the speed at which he was traveling.

**6.3** The force of the impact caused Plaintiff MOYA serious injuries requiring immediate transport to Mission Hospital for treatment of her injuries. MOYA sustained multiple injuries including, but not limited to, her neck, thoracic region, and lower back. The injuries did cause, presently do cause, and will likely continue to cause conscious pain, suffering, mental and permanent physical impairment.

**6.4** Defendant SADIC was operating his vehicle at the time of the collision while he was in the course and scope of his employment with Defendant HUSKY TRANSPORTATION and/or was the statutory employee of HUSKY TRANSPORATION.

**VII.**
**CAUSES OF ACTION AGAINST DEFENDANT AVDO SADIC**

As a result of the acts and omissions by Defendant SADIC and the resulting injuries and damages sustained by Plaintiff, she alleges the following causes of action against SADIC:

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

CL-17-0640-A

## A. NEGLIGENCE

**7.1** Plaintiff incorporates the allegations set forth above as if set forth verbatim herein.

**7.2** Defendant SADIC committed acts of omission and commission that collectively and severally constituted negligence and were a proximate cause of Plaintiff's injuries and damages, including but not limited to the following:

1. Failing to maintain a proper lookout while operating a motor vehicle, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances;

2. Failing to keep the vehicle he was driving under proper control, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstance.

3. Failing to take proper evasive action to avoid the collision;

4. Failing to yield the right of way;

5. Failing to timely and properly apply his brakes, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances; and

6. Failing to conform his driving to the applicable standards of care set out by the State and Federal motor carrier laws and regulations.

**7.3** Each of the aforementioned negligent acts and/or omissions of Defendant SADIC constitute negligence. Defendant SADIC's negligence was a proximate cause of the crash in question and a cause of Plaintiff's injuries and damages.

## B. NEGLIGENCE *PER SE*

**7.4** Plaintiff incorporates the allegations set forth above as if set forth verbatim herein.

---

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

7.5     The collision described above, and the resulting injuries and damages suffered by

Plaintiff, was proximately caused by the negligent *per se* conduct of Defendant SADIC in one or

more of the following non-exhaustive respects:

a.     Imperiling other motorist by failing to heed a traffic law, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances, in violation of Texas Transportation Code § 542.301, which constitute negligence *per se*;

b.     Failing to stop at a controlled highway intersection and yield to vehicles entering from the driver's right side, as would have been done by a reasonable person exercising ordinary prudence and care under the same or similar circumstances, in violation of Texas Transportation Code § 545.151 (d), which constitute negligence *per se;*

c.     In driving a vehicle in willful or wanton disregard for the safety of persons, in violation of Texas Transportation Code § 545.401, which constitute negligence *per se*;

d.     Failing to yield to oncoming traffic while turning, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances, in violation of Texas Transportation Code § 545.152, which constitute negligence *per se*; and

e.     Failing to yield the right-of-way at an intersection, as would have been done by a reasonable person exercising ordinary prudence under the same or similar circumstances, in violation of Texas Transportation Code § 545.151, which constitute negligence *per se*.

## VIII.
## CAUSES OF ACTION AGAINST DEFENDANT HUSKY TRANSPORTATION, INC.

As a result of the acts and omissions by Defendant SADIC and HUSKY

TRANSPORTATION, and the resulting injuries and damages sustained by Plaintiff, she alleges

the following causes of action against HUSKY TRANPORTATION:

## NEGLIGENCE

8.1     Plaintiff incorporates the allegations set forth above as if set forth verbatim

herein.

---

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

**8.2** Defendant HUSKY TRANSPORTATION committed acts of omission and commission that collectively and severally constituted negligence and were a proximate cause of Plaintiff's injuries and damages.

**8.3** Defendant HUSKY TRANSPORTATION is liable for that negligence of its employee and/or statutory employee Defendant AVDO under the doctrine of *respondeat superior*, because it is alleged at all times of the events described in the petition to be an employee, agent, representative and/or servant of Defendant HUSKY TRANSPORTATION.

**8.4** Defendant HUSKY TRANSPORTATION is directly liable for its own acts of negligence, including, but not limited to:

a. Failing to adequately screen and investigate its prospective drivers before hiring them, particularly with respect to SADIC;

b. Failing to adequately test, examine, train and orient its prospective drivers before assigning them to drive, particularly SADIC;

c. Failing to adequately supervise persons working as drivers as part of its fleet, particularly SADIC; and

d. Failing to develop, implement, and enforce a driver safety program that eliminates or at least reduces hazard to the public posed by drivers it employs.

**8.5** Furthermore, Defendant HUSKY TRANSPORTATION is liable for the negligent entrustment of its vehicle to Defendant SADIC on the date in question. At the time of the entrustment, Defendant SADIC was an incompetent and / or reckless driver. Defendant HUSKY TRANSPORTATION knew or should have known that Defendant AVDO was an incompetent and or reckless driver.

**8.6** Defendant HUSKY TRANSPORTATION's negligence was a proximate cause of the accident and of Plaintiff's damages. Such negligence includes, but is not limited to, failure to

---

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

properly train its drivers, failure to establish an adequate safety program, and failure to properly maintain and inspect its equipment.

## IX.
## GROSS NEGLIGENCE

**9.1**    Plaintiff incorporates the allegations set forth above as if set forth verbatim herein.

**9.2**    Defendants HUSKY TRANSPORTATION and SADIC's conduct referenced above, and incorporated by reference herein, constitutes gross negligence, which was a proximate cause of the injuries and damages to Plaintiff ASHLEY MARIE MOYA, for which Plaintiff is entitled to recover exemplary damages.

**9.3**    Defendants' acts and/or omissions were the result of actual conscious indifference to the rights, safety, or welfare of others on the open road as defined by Chapter 41 of the Texas Civil Practice and Remedies Code.   This conduct, when viewed objectively from Defendants' standpoint at the time of the conduct, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were subjectively aware of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare to others.

## X.
## DAMAGES

**10.1**    Plaintiff incorporates the allegations set forth above as if set forth verbatim herein.

**10.2**    As a direct result and proximate cause of the negligence of the Defendants, HUSKY TRANSPORTATION and SADIC, jointly and/or severally, Plaintiff ASHLEY MOYA

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

was caused to suffer, and will continue to suffer in the future, and is entitled to the following damages for her personal injuries:

      (1)   physical pain and mental anguish in the past and future;

      (2)   loss of earning capacity in the past and future;

      (3)   disfigurement in the past and future;

      (4)   physical impairment in the past and future;

      (5)   medical expenses in the past and future;

      (6)   loss of household services in the past and future; and

      (7)   all other damages allowed by law and equity.

## XI.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

**11.1**    Plaintiff seeks pre-judgment and post-judgment interest at the highest available rate allowed by law.

## XII.
## JURY DEMAND

**12.1**    Plaintiff demands a trial by jury and have submitted the required fee.

## XIII.
## CONDITIONS PRECEDENT

**13.1**    Pursuant to Rule 54 of the Texas Rules of Civil Procedure, all conditions precedent to Plaintiff's right to recover herein and to Defendants' liability have been performed or have occurred.

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

## XIV.
## RULE 193.7 NOTICE

**14.1** Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice that any and all documents produced by any party will be used against that party at any pretrial proceeding and/ or at the trial of this matter.

## XV.
## REQUEST FOR DISCLOSURES

**15.1** Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendants HUSKY TRANSPORTATION and AVDO SADIC disclose, within fifty (50) days of service of this request, the information and material described in Rule 194.2 of the Texas Rules of Civil Procedure.

**15.2** Plaintiff further requests that Defendants HUSKY TRANSPORTATION and AVDO SADIC answer the Interrogatories and Requests for Production that are herein served upon them in the attached materials within fifty (50) days of service of this request, the information and material described in the Texas Rules of Civil Procedure.

## XVI.
## FIRST SET OF INTERROGATORIES AND
## FIRST SET OF REQUESTS FOR PRODUCTION

**16.1** Pursuant to Rules 192, 194, 196, and 197, Texas Rules of Civil Procedure, you are to answer the following Interrogatories under oath and make written responses to the following Requests for Production. You are notified that under Rule 197, the answers to Interrogatories are to be signed and sworn to by the party and not by the attorney of record for the party. The original of the sworn answers is to be served within **FIFTY (50)** days after the service of the Interrogatories, Request for Production, and Requests for Disclosures to the undersigned.

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

**16.2** You are notified that your written responses to the Request for Production shall state, with respect to each category of items, that inspection and other requested action will be permitted as requested, except only to the extent that you make objections in writing to particular items or categories thereof; that your written responses and/or objections, if any, shall be served on the undersigned **FIFTY (50)** days after your receipt of requests as provided by Rule 196, T.R.C.P. You are requested to attach copies of all items that are subject to the Request for Production and written responses to your answers to Interrogatories, or in lieu thereof, make such items available for inspection and copying in the offices of the undersigned prior to the expiration of the **FIFTY (50)** days from your receipt of these Interrogatories and Requests. Demand is made for supplementation of your answers to these Interrogatories and Requests for Production as may be required by the Texas Rules of Civil Procedure.

**16.3 INTERROGATORIES TO HUSKY TRANSPORTATION, INC.**

**INTERROGATORY NO 1:**

Identify the person or persons who assisted in providing information to respond to the following requests.

**INTERROGATORY NO 2:**

Who was the owner and/or lessee of the Volvo truck, license plate RA80649, VIN No. 4V4NC9GH56N431821 as of December 19, 2016?

**INTERROGATORY NO 3:**

Identify the person, supervisor, or manager (by name, title, address, and telephone number) who directed SADIC to perform the work that he was engaged in at the time of the collision?

**INTERROGATORY NO 4:**

Identify all insurance claims or lawsuits which have been initiated against "You" in the last five (5) years as it relates to any motor vehicle collisions involving a HUSKY TRANSPORTATION owned or leased vehicle.

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

**INTERROGATORY NO 5:**

Identify all safety policies in place and training manuals relating to the operation of a HUSKY TRANSPORTATION commercial truck by its employees that were in effect as of December 19, 2016.

**INTERROGATORY NO 6:**

Describe all tasks and assignments given to SADIC by HUSKY TRANSPORTATION on the date of the collision. In answering the question, identify the person(s) who dispatched him, the nature of the work assigned, and the information provided to him by HUSKY TRANSPORTATION along with the assignments.

**INTERROGATORY NO. 7:**

Do you intend to use evidence of a conviction of any party or witness in this case? If so, Plaintiff demands written notice pursuant to Texas Rule of Evidence 609.

**INTERROGATORY NO. 8:**

Please identify any consulting expert(s), if such expert(s)' opinions have been reviewed or relied upon by a testifying expert.

**INTERROGATORY NO. 9:**

Please identify all learned treatises or any other documents on which you or an expert will rely at trial or which you consider authoritative on any issue in this case.

**INTERROGATORY NO. 10:**

If you contend that the Plaintiff's injuries and damages were caused in part or in whole by the Plaintiff's own negligence, please state every act or omission of the Plaintiff which supports such allegation and give the factual bases for the contention.

**INTERROGATORY NO. 11:**

If Defendant or its current and former members, managers, employees, agents, attorneys, representatives, and/or any other persons or entities acting or purporting to act with authority on its behalf, whether authorized to do so or not has ever had any conversation with the Plaintiff or overheard any words spoken by the Plaintiff, please state what such statements or words were, including their exact content (or as close to exact content as possible) to whom they were made, and identity the persons present when such remarks were made.

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

CL-17-0640-A

**INTERROGATORY NO. 12:**

Please list all traffic accidents in which SADIC has been involved in the last five (5) years, including the location, city, county, state and any violations for which he was cited in connection with any traffic accidents.

**INTERROGATORY NO. 13:**

Please give a description of all traffic violations for which AVDO has been cited in the last five (5) years, including the date, city, county, state, offense alleged and ultimate disposition of such citation.

**INTERROGATORY NO. 14:**

Describe the manner in which you compensate drivers and the manner in which AVDO was compensated, if different from your general policy.

**INTERROGATORY NO. 15:**

Describe your company's policy with respect to the retention of driver's logs and receipts from trips.

**INTERROGATORY NO. 16:**

With respect to collisions or accidents involving one of your trucks and/or a driver employed or leased by you or under contract with you, please state:

a. When the driver is required to make a report and to whom;
b. A description of any written report required to be made by any person with your company and/or the driver;
c. Where and in whose custody such reports are kept;
d. When a driver must submit for a drug test by giving a urine sample; and
e. When such report must be reported to the federal government.

**INTERROGATORY NO. 17:**

Do you contend that someone other than AVDO (including but not limited to Plaintiff) did or failed to do something that contributed to the wreck made the basis of this lawsuit? If so, please state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the wreck.

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

## 16.4   REQUESTS FOR PRODUCTION TO HUSKY TRANSPORTATION, INC.

### REQUEST FOR PRODUCTION NO. 1:

Complete and clearly readable copies of all trip and/or operational documents pertaining to the movement of cargo by AVDO and/or any of his accompanying co-driver(s), or driver trainers from December 12, 2016, through the delivery date and time of the cargo he may have been transporting at the time the accident occurred (December 19, 2016).

### REQUEST FOR PRODUCTION NO. 2:

Complete and clearly readable copies of AVDO's trip reports and/or trip envelopes, daily loads delivered or picked up reports or any otherwise described work reports, work schedule reports, fuel purchased reports, or any reports made by AVDO to HUSKY TRANSPORTATION, inclusive of daily, weekly or monthly cargo transported, time and/or distance traveled reports or work records excluding only those documents known as "driver' daily logs or driver's record of duty status."

### REQUEST FOR PRODUCTION NO. 3:

Complete and clearly readable copies of all receipts for any trip expenses or purchases made by AVDO during a trip regardless of type of purchase, such as fuel, weighing of vehicles, food, lodging, equipment maintenance, repair or equipment cleaning, special or oversize permits, bridge and/or toll roads, loading or unloading cost, and all otherwise described receipts regardless of the type of objects or services purchased.

### REQUEST FOR PRODUCTION NO. 4:

Complete and clearly readable copies of all cargo pickup or delivery documents prepared by any of the Defendants, transportation brokers, involved shippers or receivers, motor carriers operations/dispatch personnel, drivers, or other persons or organizations relative to the cargo transported and the operations of Defendants.

### REQUEST FOR PRODUCTION NO. 5:

Complete and clearly readable copies of any and all written requests, letters, memoranda, instructions, or orders, for transportation of cargo prepared by Defendants, transportation brokers, involved shippers or receivers, motor carriers operations/dispatch or sales personnel, drivers or other persons or organizations relative to the operations and cargo transported by AVDO.

### REQUEST FOR PRODUCTION NO. 6:

Complete and clearly readable copies of all bills of lading and/or cargo manifest prepared or issued by any shippers, brokers, transporting motor carriers' personnel, receivers of cargo for the load on December 19, 2016. This specifically includes readable and complete copies of bills of lading,

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

manifest, or other documents regardless of form or description, that show signed receipts for cargo delivered along with any other type of document that may show dates and times of cargo pickup or delivery that are relative to the operations and cargo transported by AVDO.

## REQUEST FOR PRODUCTION NO. 7:

Complete and clearly readable copies of all equipment or cargo loading, unloading or detention of equipment records along with any other documents showing cargo pickup and/or delivery dates and times or delays and/or detention of equipment relative to the operations of AVDO.

## REQUEST FOR PRODUCTION NO. 8:

Complete and clearly readable copies of all cargo transported freight bills or otherwise described similar documents inclusive of all signed or unsigned cargo pickup and delivery copies that indicate date and/or time of pick up or delivery of cargo by AVDO or his co-driver(s).

## REQUEST FOR PRODUCTION NO. 9:

Complete and clearly readable copies of all written instructions, orders, or advice given to AVDO in reference to cargo transported, routes to travel, locations to purchase fuel, cargo pickup or delivery times issued by HUSKY TRANSPORTATION, shippers, receivers, or any other persons or organizations for the fourteen-day period leading up to, and including, December 19, 2016.

## REQUEST FOR PRODUCTION NO. 10:

Complete and clearly readable copies of dispatch and/or operational records indicating assignment of equipment and drivers to specific cargo pickup, transportation and delivery, dates and times of pickup and delivery, movement of cargo, shippers and receivers of cargo, and any other related operational records or documents, regardless of form who dispatched AVDO for the fourteen days prior to, and including, December 19, 2016. This specifically includes all dispatch and operational type computer generated documents and materials indicating the trips, cargo, movements or activities of AVDO.

## REQUEST FOR PRODUCTION NO. 11:

Complete and clearly readable copies of any driver call-in records or otherwise described written records indicating any communications between HUSKY TRANSPORTATION and AVDO for the 30-day period preceding, but also including, December 19, 2016.

## REQUEST FOR PRODUCTION NO. 12:

Complete and clearly readable copies of all accounting records, merchandise purchased, cargo transportation billings or invoices and subsequent payments or otherwise described records indicating billings for transportation of cargo or payment for services performed for HUSKY TRANSPORTATION by AVDO and/or his co-drivers for the 30-day period preceding, but also including, December 19, 2016.

Case 7:17-cv-00098   Document 1-3   Filed on 03/24/17 in TXSD   Page 22 of 65

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

**REQUEST FOR PRODUCTION NO. 13:**

Complete and clearly readable copies of all initial or rough driver's trip check-in or financial settlement sheets along with all final trip accounting documents, and computer generated documents or printouts showing expenses and payment(s) for service(s) or salary paid to AVDO in reference to AVDO's trip(s) for the 30-day period preceding, but also including, December 19, 2016. This specifically includes any summary type documents showing all payments made to AVDO and/or his co-drivers regardless of the purpose of payment or period of time payment was made for.

**REQUEST FOR PRODUCTION NO. 14:**

Complete and clearly readable copies of any and all motor carrier or driver created trip fuel mileage and purchase reports or records. This specifically includes all documents and computer generated documents, regardless of form or subject, received from any source such as the organization known as "COMCHEK", or generated for or by HUSKY TRANSPORTATION showing date, time and location of fueling or other purchases by AVDO and/or his co-drivers while on the trips requested herein.

**REQUEST FOR PRODUCTION NO. 15:**

Complete and clearly readable copies of all checks or otherwise described negotiable instruments issued to AVDO or his co-driver(s) given in payment as trip advances, loans, or for any other purpose inclusive of checks issued for employee payroll, and/or for owner/operator or trip lessors services in the possession of any of the Defendants. Specifically copies of both the "front and back" of each check and/or Comcheck issued to AVDO, or any of his co-drivers is requested.

**REQUEST FOR PRODUCTION NO. 16:**

Complete and clearly readable copies of any and all state fuel or oversize special permits and any related documents or requests issued to or by any state agency for AVDO or the vehicle he operated to transport cargo over their territories, regardless of the form of the permit. The receipt acknowledging payment for the permit(s) issued by any governmental agency is specifically requested that relate to the movements of AVDO and/or his co-drivers during the requested time period.

**REQUEST FOR PRODUCTION NO. 17:**

Complete and clearly readable copies of any and all trip leases or trip lease contracts involving AVDO and/or his co-drivers along with all related documentation issued to or created or received by any of the Defendants. Specifically, this includes any trip leases negotiated between the Defendants and any other motor carrier or their drivers inclusive of all related documentation thereto. Basically, "related documentation" consists of any documents created or generated in reference to each trip lease(s) and in addition, driver's daily logs or record of duty status, driver's daily condition reports, motor carrier certification of drivers qualification and include other documents that relate to the billing and payment for such movement of freight, along with all

*Plaintiff's Original Petition, Requests for Disclosures, Interrogatories and Requests for Production*   Page 16

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

other types of documentation regardless of form or description that are relative to each occurrence involving the services and activities of AVDO and/or his co-drivers, if any.

**REQUEST FOR PRODUCTION NO. 18:**

Complete and clearly readable copies of any and all other "operational or trip related documents" created or received by the Defendants or any other persons or organizations, regardless of form or description and not defined herein, in the possession of any of the Defendants and relative to the operations, activities, movements, cargo and trips accomplished by AVDO and/or his co-drivers during for the 30-day period preceding, but also including, December 19, 2016.

*(NOTE: Plaintiff is totally unaware of* HUSKY TRANSPORTATION*'s motor carrier transportation operational and trip control methods. It is not the intent of Plaintiff to overburden the Defendants. If the defendant,* HUSKY TRANSPORTATION*, will demonstrate their operational trip methods, procedures and documents system to Plaintiff, Plaintiff will attempt to simplify their request for the benefit of all concerned.)*

**REQUEST FOR PRODUCTION NO. 19:**

Complete and clearly readable copies of the "Driver Qualification File" maintained by HUSKY TRANSPORTATION on AVDO along with any other documents contained therein, in their precise state of existence on the date of the accident (December 19, 2016), encompassing his entire tenure and/or lease arrangement(s) with HUSKY TRANSPORTATION.

**REQUEST FOR PRODUCTION NO. 20:**

Any pre-employment questionnaires or other documents secured from AVDO prior to employment.

**REQUEST FOR PRODUCTION NO. 21:**

All annual violation statements for AVDO which should include one for each twelve months of contract or employment of with the Defendant motor carrier in this case.

**REQUEST FOR PRODUCTION NO. 22:**

All past employment inquiries sent to or secured from AVDO's former employers along with all responses received from former employers inclusive of all U. S. mail, personal contact or telephone inquiries and results directed to or received by HUSKY TRANSPORTATION from past employers of AVDO.

**REQUEST FOR PRODUCTION NO. 23:**

All inquiries to and answers received from any organization in reference to the driver's license record of traffic violations and accidents directed to and/or received by HUSKY TRANSPORTATION, or other organizations on it's behalf, from state or federal governmental agencies, or other organizations, relative to AVDO's traffic and accident record.

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

## REQUEST FOR PRODUCTION NO. 24:

Terminal audits or roadside equipment and/or driver inspections reports, traffic citations or traffic warnings, inclusive of any of the defendant's file reviews or summaries of violations of company, state or federal laws, rules or regulations committed by HUSKY TRANSPORTATION's drivers in the last 24 months.

## REQUEST FOR PRODUCTION NO. 25:

Complete and clearly readable copies of any state or FMCSA, issued terminal audits, road equipment and/or driver compliance inspections or warnings and traffic citations issued in reference to the activities of HUSKY TRANSPORTATION, its drivers, and driver trainers, by any city, county, state or federal agency or law enforcement official in your possession of for the last 24 months.

## REQUEST FOR PRODUCTION NO. 26:

Complete and clearly readable copies of all objects, photographs, drawings, reports, statements or otherwise described documents or objects in the possession of HUSKY TRANSPORTATION in reference to the accident as defined herein "excluding only" those written documents, materials and objects that can be clearly identified as the work product of the defendant's attorneys. This specifically includes any and all reports and written or electronically recorded statements made by any of the defendants to any other person, organization or governmental entity.

## REQUEST FOR PRODUCTION NO. 27:

Complete and clearly readable copies of any and all HUSKY TRANSPORTATION officers, executives or administrator's notices, directives, bulletins, publications and manuals of any type or otherwise described written instructions in reference to the day-to-day motor carrier operating and safety procedures to be followed by their company managers, supervisors, dispatchers and drivers. Specifically, any document relative to disciplinary policies or procedures for late freight delivery, motor fleet safety or failure to comply with the FMCSR in existence and effective as of December 19, 2016.

## REQUEST FOR PRODUCTION NO. 28:

Complete and clearly readable copies of any and all created electronic or satellite "vehicular movement recording documents or records" such as QUALCOMM, Highway Master, American Mobile Satellite Corp. or any similar organization's records along with any trip recorder computer generated documents (ECM), tachograph charts, computer generated trip printouts (ECM) or any otherwise described documents generated by whatever means, in reference to the physical movement and/or geographical locations at a certain date and time of the vehicle involved in the accident from November 19, 2016 to December 19, 2016.

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

**REQUEST FOR PRODUCTION NO. 29:**

A photostatic copy of the front and back of AVDO's driver's license.

**REQUEST FOR PRODUCTION NO. 30**:

All daily driver vehicle inspection reports filed by AVDO for the sixty (60) days preceding and including December 19, 2016.

**REQUEST FOR PRODUCTION NO. 31**:

All reports by AVDO to HUSKY TRANSPORTATION or others of "reportable accidents," as that term is defined in "394.3 of the Federal Motor Carrier Safety Regulations."

**REQUEST FOR PRODUCTION NO. 32**:

All company dispatch logs for AVDO in possession of HUSKY TRANSPORTATION for dispatches of AVDO by HUSKY TRANSPORTATION from November 19, 2016, through December 22, 2016.

**REQUEST FOR PRODUCTION NO. 33**:

All documents reflecting HUSKY TRANSPORTATION's procedures for determining when you would load, where you would load and to what place you would haul.

**REQUEST FOR PRODUCTION NO. 34**:

All manuals, instructions, guidelines, directives, or memoranda concerning the performance or execution of the position held by AVDO at the time of the incident the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 35**:

Any records, notes, files, memoranda, or other similar documentation indicating an awareness on HUSKY TRANSPORTATION's part that AVDO was an unsafe driver prior to December 19, 2016.

**REQUEST FOR PRODUCTION NO. 36**:

All documents relating to reservation of rights or denial of coverage on the part of any insurance carrier for HUSKY TRANSPORTATION with respect to this claim.

**REQUEST FOR PRODUCTION NO. 37**:

Any written, taped or mechanically reproduced/recorded statement, testimony, or videotape of any person named in responsive discovery of any party, either as someone with knowledge of relevant facts or as an expert, which was given or taken before HUSKY TRANSPORTATION

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

had a good faith belief to reasonably anticipate a substantial chance that litigation would ensue in this case.

**REQUEST FOR PRODUCTION NO. 38**:

Any reports, memoranda, documents or materials of any type containing information concerning any type of investigation (including, but not limited to, obtaining any background, credit or criminal records, photographs, videotapes, or recorded statements, surveillance, following, eavesdropping, or interviewing persons) of Plaintiff or of any person named in responsive discovery by any party as a person with knowledge of relevant facts or as an expert which was performed by, for, or on behalf of HUSKY TRANSPORTATION, its insurer(s), any adjusting company, or any investigator concerning any liability or damages claims of Plaintiff as outlined in his latest original or amended pleadings on file which were prepared before HUSKY TRANSPORTATION had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue in this case.

**REQUEST FOR PRODUCTION NO. 39**:

Any reports, memoranda, documents or materials of any type which specifically indicate a date or occurrence on which HUSKY TRANSPORTATION relies for any contention that it had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue concerning any injury or damages being claimed on behalf of the Plaintiffs.

**REQUEST FOR PRODUCTION NO. 40**:

Copies of any and all statements previously made by HUSKY TRANSPORTATION concerning the incident the basis of this lawsuit, including any written statement signed or otherwise adopted or approved by HUSKY TRANSPORTATION hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by HUSKY TRANSPORTATION hereto and contemporaneously recorded.

**REQUEST FOR PRODUCTION NO. 41**:

Any and all drawings, maps or sketches of the scene of the incident the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 42**:

A copy of any contract of employment that would govern any relationship with any other party or bear on the issue of scope of employment.

**REQUEST FOR PRODUCTION NO. 43**:

Any and all settlement agreements, wherein HUSKY TRANSPORTATION has arrived at a settlement or agreement between HUSKY TRANSPORTATION and a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting there from.

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

CL-17-0640-A

**REQUEST FOR PRODUCTION NO. 44:**

Any and all photographs that HUSKY TRANSPORTATION has of the vehicles involved in the incident the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 45:**

Any and all photographs that HUSKY TRANSPORTATION has of the scene of the incident the basis of this lawsuit or any other matter relating to this case.

**REQUEST FOR PRODUCTION NO. 46:**

A copy of any movies, videotape or other reproduction that HUSKY TRANSPORTATION has of the scene of the incident the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 47:**

All registration documents for the vehicle involved in the incident the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 48:**

All lease and finance agreements for the vehicle involved in the incident the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 49:**

Please produce any and all written policies and procedures provided to AVDO by HUSKY TRANSPORTATION regarding the type of driving experience an over-the-road driver must have before being hired by HUSKY TRANSPORTATION as an over-the-road driver.

**REQUEST FOR PRODUCTION NO. 50:**

Please produce any and all written policies and procedures provided to AVDO by HUSKY TRANSPORTATION regarding the driver qualification process for over-the-road drivers, whether employed directly or leased by HUSKY TRANSPORTATION.

**REQUEST FOR PRODUCTION NO. 51:**

Please produce any and all written policies and procedures provided to AVDO by HUSKY TRANSPORTATION regarding the procedures for its drivers.

**REQUEST FOR PRODUCTION NO. 52:**

A copy of legal documents that support HUSKY TRANSPORTATION's business current status and standing to conduct business in Texas as a corporation, if any.

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

**REQUEST FOR PRODUCTION NO. 53:**

All documents reviewed by HUSKY TRANSPORTATION in responding to these Requests for Production.

**REQUEST FOR PRODUCTION NO. 54:**

Complaint files, letters, or other similar documents identifying or describing the same or similar matters as those alleged by the Plaintiff in this cause of action against HUSKY TRANSPORTATION for the period from the preceding five (5) years to the present, that are in your possession, custody or control, as provided by the Texas Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 55:**

A copy of the title of the vehicle which AVDO was operating at the time of the collision made the basis of this cause of action.

**REQUEST FOR PRODUCTION NO. 56:**

Any cell phone bills that would show whether or not AVDO was using a cell phone on December 19, 2016 in the 12-hour period prior to the collision and the 12-hour period after the collision. This request includes, but is not limited to, complete cell phone bills for period including the day of the collision.

**REQUEST FOR PRODUCTION NO. 57:**

Produce a copy of the transcribed recorded statement that AVDO provided to HUSKY TRANSPORTATION's insurance carrier's agent/adjuster.

**REQUEST FOR PRODUCTION NO. 58:**

Produce all lawsuits or complaints filed against HUSKY TRANSPORTATION or its predecessors during the last five years wherein it was alleged that the negligence of an employee or agent of HUSKY TRANSPORTATION or its predecessor caused or contributed to a motor vehicle collision.

**REQUEST FOR PRODUCTION NO. 59:**

Produce all lawsuits or complaints filed against HUSKY TRANSPORTATION or its predecessors during the last five (5) years involving serious bodily injuries or fatalities to third parties.

**REQUEST FOR PRODUCTION NO. 60:**

Produce true and correct copies of any documents you have obtained by subpoena from third parties related to this incident.

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

**REQUEST FOR PRODUCTION NO. 61**:

Produce true and correct copies of any agreements (whether they be master service agreements or specific to this load) that you have executed that pertained to the lead being transported at the time of the collision, directly or indirectly.

**REQUEST FOR PRODUCTION NO. 62**:

Produce all maintenance and service records relating to the 2006 Volvo 804 tractor trailer with Texas license plate RA80649 and VIN number 4V4NC9GH56N431821.

**REQUEST FOR PRODUCTION NO. 63**:

Produce all safety and training manuals for HUSKY TRANSPORTATION employees, statutory employees, and/or leased drivers as it relates to the operation of HUSKY TRANSPORTATION owned or leased vehicles.

**REQUEST FOR PRODUCTION NO. 64:**

Any and all documents, including but not limited to invoices, repair bills or estimates, reflecting the damage to any vehicle involved in the collision in question.

**REQUEST FOR PRODUCTION NO. 65:**

Any and all photographs, videotapes, or other depictions of any vehicle involved in the collision in question.

**REQUEST FOR PRODUCTION NO. 66:**

Any and all photographs of the scene of the collision in question.

**REQUEST FOR PRODUCTION NO. 67:**

Any and all photographs that you intend to use at trial.

**REQUEST FOR PRODUCTION NO. 68:**

Any and all photographs, videotapes or other depictions of Plaintiff.

**REQUEST FOR PRODUCTION NO. 69:**

Any and all photographs, videotapes or other depictions of AVDO.

---

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

**REQUEST FOR PRODUCTION NO. 70:**

Any and all witness statements, including, but not limited to statements from Plaintiff and/or AVDO.

**REQUEST FOR PRODUCTION NO. 71:**

Any and all documents related to AVDO's employment or lease as a truck driver for the year prior to the collision in question, including but not limited to log books, trip sheets, fuel receipts, work orders, bills of lading, com. card receipts, expense records and any other documents that would show AVDO's trip movements for that period.

**REQUEST FOR PRODUCTION NO. 72:**

Any and all documents related to the maintenance, repair, acquisition, loads, operation or travel of the vehicle involved in the collision in question. These documents should include, but are not limited to, trip sheets, fuel receipts, work orders, bills of lading, maintenance records, operations manuals, vehicle condition reports and other documents obtained regarding the vehicle. The records requested are for both the tractor and trailer involved in the collision in question.

**REQUEST FOR PRODUCTION NO. 73:**

Any and all documents relating to safety procedures and emergency procedures or manuals concerning the operation, maintenance and repair of any semi-tractor or trailer in your company drafted or in use since 2007. This request includes, but is not limited to, operations manuals, safety manuals, employee manuals, directions for use of equipment, and all inter-company and intra-company memoranda or correspondence regarding safety and emergency procedures.

**REQUEST FOR PRODUCTION NO. 74:**

Produce any and all documents relating to any investigation, citation or compliance review of your company conducted by the Department of Transportation or any other governmental agency.

**REQUEST FOR PRODUCTION NO. 75:**

Produce any and all documents regarding any unemployment claim, worker's compensation claim or any other type of claim filed by AVDO relating to his employment with your company.

**REQUEST FOR PRODUCTION NO. 76:**

Any and all pictures, drawings, photographs or videotapes in your possession or subject to your control that are relevant and material to this cause of action, including but not limited to those showing the Plaintiffs or AVDO's, those showing any of the vehicles, or any part of the vehicles, involved in the collision in question, or those showing the location of such collision.

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

**REQUEST FOR PRODUCTION NO. 77:**

Any information relating to any conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of facts named in discovery information provided to you before trial. Please include the name of the person convicted, the offense for which he or she was convicted, the year of such conviction, the court of such conviction and the sentence involved.

**REQUEST FOR PRODUCTION NO. 78:**

Any written, taped or mechanically reproduced statement heretofore made of Plaintiffs and/or AVDO.

**REQUEST FOR PRODUCTION NO. 79:**

Any records or documentation (medical or non-medical) concerning AVDO that would indicate whether AVDO was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

**REQUEST FOR PRODUCTION NO. 80:**

Any records or documentation (medical or non-medical) concerning AVDO that would indicate that AVDO had alcohol and/or drugs (including prescription or nonprescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question.

**REQUEST FOR PRODUCTION NO. 81:**

Any records or documentation (medical or non-medical) that would indicate that AVDO was a regular user of any illegal substance(s) within one (1) year preceding the collision in question.

**REQUEST FOR PRODUCTION NO. 82:**

With respect to the truck/tractor involved in the collision in question, please provide the following:

a.    All maintenance reports and records;
b.    All repair orders;
c.    Purchase, regulation and title information;
d.    Documents reflecting repair expenditures;
e.    All trip reports and log books;
f.    All records indicating the vehicle in question was involved in any type of collision;
g.    All records indicating the vehicle in question suffered damage for any reason;
h.    If you have a "truck," "vehicle" or similar file pertaining to this vehicle, please produce the entire file;

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

i.      Any documents, records or other data from any GPS system used to keep track of vehicles, which relates to this vehicle.

## REQUEST FOR PRODUCTION NO. 83:

With respect to the trailer involved in the collision in question, please provide the following:

a.      All maintenance reports and records;
b.      All repair orders;
c.      Purchase, regulation and title information;
d.      Documents reflecting repair expenditures;
e.      All trip reports and log books;
f.      All records indicating the vehicle in question was involved in any type of collision;
g.      All records indicating the vehicle in question suffered damage for any reason;
h.      If you have a "truck," "vehicle" or similar file pertaining to this vehicle, please produce the entire file;
i.      Any documents, records or other data from any GPS system used to keep track of vehicles, which relates to this vehicle; and
j.      A copy of any company vehicle use records for the sixty (60) days preceding and including the date of the collision in question.

## REQUEST FOR PRODUCTION NO. 84:

All employment records concerning AVDO, including but not limited to the complete personnel file, medical records, driving records and the following:

a.   Annual review of driving records;
b.   Application for employment;
c.   Responses from state agencies, federal agencies and past employers regarding AVDO driving record;
d.   All Road Test records relating to AVDO, including but not limited to certificates of a road test (issued under Part 391.31(e) of the Federal Motor Carrier Safety Regulations ["FMCSR"]) and/or a copy of the license or certificate that you have accepted as an equivalent (in accordance with Part 391.33 FMCSR);
e.   All medical examiners' certificates relating to AVDO;
f.   List of driver's violations;
g.   Any accident reports, including but not limited to, an accident register listing all DOT recordable preventable accidents;
h.   Any documents relating to any type of drug use by AVDO;
i.   If a physical waiver has been granted, a letter from the Regional Director of Motor Carriers approving the waiver;
j.   Any note or other record showing when and who reviewed a driver's record with;
k.   A list or certificate showing all violations of motor vehicle laws and ordinances;
l.   Responses from any state agencies, federal agencies, and employers to your inquiries about AVDO employment and driving records;
m.   Any records or documents of pre-employment and random drug and/or alcohol tests;

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

n. All records of duty status (including but not limited to logs), as outlined in Part 395 of the FMCSR;

o. The complete Driver Qualifications file for AVDO; and

p. The complete Employment File of AVDO;

**REQUEST FOR PRODUCTION NO. 85:**

Any documentation concerning AVDO involving disciplinary actions, demerits, reprimands or incidents indicating less than satisfactory job performance.

**REQUEST FOR PRODUCTION NO. 86:**

All manuals, instructions, guidelines, directives, or memoranda concerning the performance or execution of the position held by AVDO at the time of the collision in question.

**REQUEST FOR PRODUCTION NO. 87:**

All records, notes, files, memoranda, or other similar documentation indicating an awareness on your part that AVDO was an unsafe driver.

**REQUEST FOR PRODUCTION NO. 88:**

All documents relating to reservation of rights or denial of coverage on the part of any insurance carrier for any of the named defendants with respect to this claim.

**REQUEST FOR PRODUCTION NO. 89:**

Any written, taped, or mechanically reproduced/recorded statement, testimony or videotape of any person named in responsive discovery of any party either as someone with knowledge of relevant facts or as an expert.

**REQUEST FOR PRODUCTION NO. 90:**

Any reports, memoranda, documents or materials of any type containing information concerning any type of investigation (including, but not limited to obtaining any background, credit or criminal records, photographs, videotapes, or recorded statements; surveillance, following, eavesdropping; or interviewing persons) of Plaintiff or of any persons named in responsive discovery by any party as someone with knowledge of relevant facts or as an expert that was performed by, for, or on behalf of Defendant, its insurer(s), any adjusting company, or any investigator concerning any liability or damages claim of Plaintiffs as outlined in Plaintiffs' latest original or amended pleadings on file that were prepared before Defendant had a good faith belief to reasonably anticipate a substantial chance that litigation would ensue in this case.

**REQUEST FOR PRODUCTION NO. 91:**

Please produce all correspondence, memoranda, statements, tape recordings, transcripts of tape

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

recordings, wire reports, investigation reports, close-out reports, summaries or any other documents, as well as any other tangible things that were prepared by or received by you, your agents, servants, employees, or representatives (including but not limited to insurance carriers, adjusting companies or investigators) before Defendant had a good faith belief to reasonably anticipate a substantial chance that litigation would ensue in this case which reflect the following:

a. Whether Plaintiff actually received or did not receive an injury as claimed in the latest original or amended pleadings on file;
b. The extent or duration of Plaintiff's claimed physical or mental incapacity/injury, including any restrictions or lack of restrictions;
c. Plaintiff's physical or mental condition before or after the collision in question;
d. The earning capacity of Plaintiff before or after the collision in question;
e. Plaintiff's ability or inability to work before or after the date of the collision in question;
f. Any indemnity reserve relating to the claimed injury of Plaintiff;
g. Any investigation performed on behalf of Defendant concerning Plaintiff, including but not limited to photographs, recorded statements, videotapes, background, criminal or credit records checks, surveillance, following, eavesdropping or interviewing persons;
h. Any advance payments made to Plaintiff;
i. Evaluations or analyses of the character or personality of Plaintiff, or any person named in responsive discovery of any party as a person with knowledge of relevant facts or as an expert witness, or an assessment of their abilities as a witness;
j. Evaluations or analyses of Plaintiff's and Plaintiff's legal counsel, such as counsel's ability to evaluate settlement, liability, and damages, or counsel's legal experience, skills or expertise;
k. The settlement or potential judgment of this case;
l. Any recorded statement (written, verbal or otherwise) of any witness (factual or expert) named in discovery by any party; and
m. Whether some person, party or entity other than Defendant caused or contributed to the occurrence in question.

**REQUEST FOR PRODUCTION NO. 92:**

If you contend that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue on behalf of Plaintiff prior to the date you received notice of this lawsuit, please produce all correspondence, memoranda, statements, tape recordings, transcripts of tape recordings, wire reports, investigation reports, close-out reports, summaries or any other documents, as well as any other tangible things that you contend showed an outward manifestation that would indicate that there was a substantial chance that litigation would ensue.

**REQUEST FOR PRODUCTION NO. 93:**

Any reports, memoranda, documents or materials of any type which specifically indicate a date

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

or occurrence on which you rely for any contention that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue concerning any injury or damages claimed on behalf of Plaintiff.

**REQUEST FOR PRODUCTION NO. 94:**

Any insurance policies or benefit plans that may provide, or have provided, benefits to Plaintiff as a result of the collision in question.

**REQUEST FOR PRODUCTION NO. 95:**

Any insurance policies that provide, or may provide, coverage for the collision in question.

**REQUEST FOR PRODUCTION NO. 96:**

Any reservation of rights letters or non-waiver agreements.

**REQUEST FOR PRODUCTION NO. 97:**

Any cell phone bills that would show whether or not SADIC was using a cell phone on the date of the accident made the basis of this lawsuit. This request includes, but is not limited to, cell phone bills for the day of the wreck.

### 16.5   INTERROGATORIES TO AVDO SADIC

**INTERROGATORY NO. 1:**

Please state the following:

      a.     your full name (including any nicknames or other names you have ever gone by);
      b.     your date of birth;
      c.     your current address and place of resident;
      d.     your telephone number(s);
      e.     your cell phone number(s);
      f.     your driver's license number and states that have issued you a driver's license; and
      g.     your Social Security number.

**INTERROGATORY NO. 2:**

Please state in detail your full educational background, including names and addresses of all schools attended (including high school, GED, college, technical/vocation/business or trade school), dates you attended such schools, and all degrees and/or certifications obtained.

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

**INTERROGATORY NO. 3:**

With regard to the accident made the basis of this suit, please state:

        a.     your version of how the accident occurred;

        b.     what you had been doing just prior to the accident;

        c.     the purpose of your trip;

        d.     any conditions or happenings which you contend cause or contributed to cause the accident or the injuries allege d by you in this lawsuit;

        e.     whether you were using a phone (including talking, sending or receiving texts or e-mails or using the internet) at the time the accident occurred;

        f.     identify everyone you called in the thirty (30) minutes following the accident;

        g.     the weather (rain, sleet, etc.) and visibility (foggy, dark, etc.) at the time of the accident and whether you believe it caused or contributed to the cause of the accident;

        h.     how and in what way you believed Plaintiff caused or contributed to the accident;

        i.     whether you consumed any drugs (including prescription, over-the-counter or illegal substances) in the 72-hour period prior to the accident and when it was consumed; and

        j.     whether you consumed any alcohol in the 24-hour period prior to the accident and when it was consumed.

**INTERROGATORY NO. 4:**

Please list generally your activities in the twelve (12) hour period immediately prior to the accident which makes the basis of this suit. In your response, please include where you were, the address of each location where you stopped, the name of each person you associated with, and the purpose for your stop or visit.

**INTERROGATORY NO. 5:**

Please state the name, address and telephone number of any person who was an eyewitness to the incident made the basis of this lawsuit.

**INTERROGATORY NO. 6:**

If you contend that the Plaintiff's injuries and damages were caused in part on in whole by the Plaintiff's own negligence, please state every act or omission of the Plaintiff which supports such allegation and give the factual bases for the contention.

**INTERROGATORY NO. 7:**

Describe any discipline you received from HUSKY TRANSPORTATION as a result of this collision.

---

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

**INTERROGATORY NO. 8:**

Describe all the places you had driven to (by address and time) for the 36-hour period preceding the collision.

**INTERROGATORY NO. 9:**

How many total miles had you driven for your employer in the seven days preceding, and including, the date of the subject incident.

**INTERROGATORY NO. 10:**

If you or anyone on your behalf has ever filed or presented a complaint, demand, claim against you, please identify fully each said complaint, demand, claim, or lawsuit by stating the claim number, persons against whom such complaint demand, claim or lawsuit was filed, the full style of any lawsuit and the status or resolution of any said complaint, demand, claim or lawsuit.

**INTERROGATORY NO. 11:**

If you have been served with any other claims or lawsuits related to motor vehicle collisions, please state:

        a.     the style of the lawsuit or claim;
        b.     the county of the filing and the cause number of any such lawsuit;
        c.     the specific nature of the claim or lawsuit filed;
        d.     the specific injury which brought about the claim or lawsuit; and
        e.     the final disposition of the claim or lawsuit.

**INTERROGATORY NO. 12:**

What, if any, could you have done to avoid he subject collision?

**INTERROGATORY NO. 13:**

Identify every school in which you have received driving training or instruction.

**INTERROGATORY NO. 14:**

Pursuant to TRCP 192.3(d), please provide the name, address and telephone number of any person who is expected to be called to testify at trial.

**INTERROGATORY NO. 15:**

Why did this collision occur?

---

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

**INTERROGATORY NO. 16:**

Have you ever been convicted of a felony or crime of moral turpitude? If so, please state the following:

  a.   the nature of the felony/felonies;
  b.   the dates of conviction(s);
  c.   the location (i.e., city, county and state) of any such conviction(s);
  d.   identify and describe any sentence and/or punishment imposed in connection with any such conviction(s);
  e.   when you completed your sentence; and
  f.   if probation was imposed, the length of probation and when the term of your probation was completed.

**INTERROGATORY NO. 17:**

Please list the name of each person who came to the scene of the accident which made the basis of this lawsuit, and for each include their relationship to you (*i.e.* family, friend, law enforcement, etc.).

**INTERROGATORY NO. 18:**

If you have been issued any ticket or citation involving the operation of a motor vehicle in the last ten (10) years with regard to each ticket and citation, please specify the following:

  a.   what you were cited for;
  b.   the city, county and state where you were issued the citation;
  c.   the agency or entity that issued the citation;
  d.   the outcome of the citation and any fines or punishment imposed;
  e.   whether your license was suspended or revoked;
  f.   whether a motor vehicle accident was involved; and
  g.   if the answer to (e) is yes, please identify whether you were the person found to be at-fault.

**INTERROGATORY NO. 19:**

If you have ever had any conversation with the Plaintiff or overheard any words spoken by the Plaintiff, please state what such statements or words were, including their exact content (or as close to exact content as possible), to whom they were made, and identify the persons present when such remarks were made.

**INTERROGATORY NO. 20:**

Please identify each and every medication, drug, alcohol or potentially physically or mentally impairing substance of whatsoever nature, whether prescribed, over-the-counter or otherwise

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

obtained, you had ingested/injected in the 48-hour period of time immediately preceding the subject incident and the amount.

**INTERROGATORY NO. 21:**

Describe in detail where you had been 24 hours prior to the accident made the basis of this lawsuit and where you were going at the time the accident occurred.

**INTERROGATORY NO. 22:**

Identify the owner of the vehicle you were driving at the time of the accident made the basis of this lawsuit.

### 16.6   REQUESTS FOR PRODUCTION TO AVDO SADIC

**REQUEST FOR PRODUCTION NO. 1:**

Complete and clearly readable copies of all trip and/or operational documents pertaining to the movement of cargo by SADIC and/or any of his accompanying co-driver(s), or driver trainers from November 19, 2016 through the delivery date and time of the cargo he may have been transporting at the time the accident occurred (December 19, 2016).

**REQUEST FOR PRODUCTION NO. 2:**

Complete and clearly readable copies of SADIC's trip reports and/or trip envelopes, daily loads delivered or picked up reports or any otherwise described work reports, work schedule reports, fuel purchased reports, or any reports made by SADIC to HUSKY TRANSPORTATION, inclusive of daily, weekly or monthly cargo transported, time and/or distance traveled reports or work records excluding only those documents known as "driver' daily logs or driver's record of duty status."

**REQUEST FOR PRODUCTION NO. 3:**

Complete and clearly readable copies of all receipts for any trip expenses or purchases made by SADIC during a trip regardless of type of purchase, such as fuel, weighing of vehicles, food, lodging, equipment maintenance, repair or equipment cleaning, special or oversize permits, bridge and/or toll roads, loading or unloading cost, and all otherwise described receipts regardless of the type of objects or services purchased.

**REQUEST FOR PRODUCTION NO. 4:**

Complete and clearly readable copies of all cargo pickup or delivery documents prepared by any of the Defendants, transportation brokers, involved shippers or receivers, motor carriers operations/dispatch personnel, drivers, or other persons or organizations relative to the cargo transported and the operations of Defendants.

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

**REQUEST FOR PRODUCTION NO. 5:**

Complete and clearly readable copies of any and all written requests, letters, memoranda, instructions, or orders, for transportation of cargo prepared by Defendants, transportation brokers, involved shippers or receivers, motor carriers operations/dispatch or sales personnel, drivers or other persons or organizations relative to the operations and cargo transported by SADIC.

**REQUEST FOR PRODUCTION NO. 6:**

Complete and clearly readable copies of all bills of lading and/or cargo manifest prepared or issued by any shippers, brokers, transporting motor carriers' personnel, receivers of cargo or any of the Defendants. This specifically includes readable and complete copies of bills of lading, manifest, or other documents regardless of form or description, that show signed receipts for cargo delivered along with any other type of document that may show dates and times of cargo pickup or delivery that are relative to the operations and cargo transported by SADIC.

**REQUEST FOR PRODUCTION NO. 7:**

Complete and clearly readable copies of all equipment or cargo loading, unloading or detention of equipment records along with any other documents showing cargo pickup and/or delivery dates and times or delays and/or detention of equipment relative to the operations of SADIC.

**REQUEST FOR PRODUCTION NO. 8:**

Complete and clearly readable copies of all cargo transported freight bills or otherwise described similar documents inclusive of all signed or unsigned cargo pickup and delivery copies that indicate date and/or time of pick up or delivery of cargo by SADIC or his co-driver(s).

**REQUEST FOR PRODUCTION NO. 9:**

Complete and clearly readable copies of all written instructions, orders, or advice given to SADIC in reference to cargo transported, routes to travel, locations to purchase fuel, cargo pickup or delivery times issued by HUSKY TRANSPORTATION, shippers, receivers, or any other persons or organizations for the fourteen-day period leading up to, and including, December 19, 2016.

**REQUEST FOR PRODUCTION NO. 10:**

Complete and clearly readable copies of dispatch and/or operational records indicating assignment of equipment and drivers to specific cargo pickup, transportation and delivery, dates and times of pickup and delivery, movement of cargo, shippers and receivers of cargo, and any other related operational records or documents, regardless of form who dispatched SADIC for the fourteen days prior to, and including, December 19, 2016. This specifically includes all dispatch and operational type computer generated documents and materials indicating the trips, cargo, movements or activities of SADIC.

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

**REQUEST FOR PRODUCTION NO. 11:**

Complete and clearly readable copies of any driver call-in records or otherwise described written records indicating any communications between HUSKY TRANSPORTATION and SADIC for the 30-day period preceding, but also including, December 19, 2016.

**REQUEST FOR PRODUCTION NO. 12:**

Complete and clearly readable copies of all accounting records, merchandise purchased, cargo transportation billings or invoices and subsequent payments or otherwise described records indicating billings for transportation of cargo or payment for services performed for HUSKY TRANSPORTATION by SADIC and/or his co-drivers for the 30-day period preceding, but also including, December 19, 2016.

**REQUEST FOR PRODUCTION NO. 13:**

Complete and clearly readable copies of all initial or rough driver's trip check-in or financial settlement sheets along with all final trip accounting documents, and computer generated documents or printouts showing expenses and payment(s) for service(s) or salary paid to SADIC in reference to SADIC's trip(s) for the 30-day period preceding, but also including, December 19, 2016. This specifically includes any summary type documents showing all payments made to SADIC and/or his co-drivers regardless of the purpose of payment or period of time payment was made for.

**REQUEST FOR PRODUCTION NO. 14:**

Complete and clearly readable copies of any and all motor carrier or driver created trip fuel mileage and purchase reports or records. This specifically includes all documents and computer generated documents, regardless of form or subject, received from any source such as the organization known as "COMCHEK", or generated for or by HUSKY TRANSPORTATION showing date, time and location of fueling or other purchases by SADIC and/or his co-drivers while on the trips requested herein.

**REQUEST FOR PRODUCTION NO. 15:**

Complete and clearly readable copies of all checks or otherwise described negotiable instruments issued to SADIC or his co-driver(s) given in payment as trip advances, loans, or for any other purpose inclusive of checks issued for employee payroll, and/or for owner/operator or trip lessors services in the possession of any of the Defendants. Specifically copies of both the "front and back" of each check and/or Comcheck issued to SADIC, or any of his co-drivers is requested.

**REQUEST FOR PRODUCTION NO. 16:**

Complete and clearly readable copies of any and all state fuel or oversize special permits and any related documents or requests issued to or by any state agency for SADIC or the vehicle he operated to transport cargo over their territories, regardless of the form of the permit. The receipt acknowledging payment for the permit(s) issued by any governmental agency is specifically

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

requested that relate to the movements of SADIC and/or his co-drivers during the requested time period.

**REQUEST FOR PRODUCTION NO. 17:**

Complete and clearly readable copies of any and all trip leases or trip lease contracts involving SADIC and/or his co-drivers along with all related documentation issued to or created or received by any of the Defendants. Specifically, this includes any trip leases negotiated between the Defendants and any other motor carrier or their drivers inclusive of all related documentation thereto. Basically, "related documentation" consists of any documents created or generated in reference to each trip lease(s) and in addition, driver's daily logs or record of duty status, driver's daily condition reports, motor carrier certification of drivers qualification and include other documents that relate to the billing and payment for such movement of freight, along with all other types of documentation regardless of form or description that are relative to each occurrence involving the services and activities of SADIC and/or his co-drivers, if any.

**REQUEST FOR PRODUCTION NO. 18:**

Complete and clearly readable copies of any and all other "operational or trip related documents" created or received by the Defendants or any other persons or organizations, regardless of form or description and not defined herein, in the possession of any of the Defendants and relative to the operations, activities, movements, cargo and trips accomplished by SADIC and/or his co-drivers during for the 30-day period preceding, but also including, December 19, 2016.

*(NOTE: Plaintiff is totally unaware of HUSKY TRANSPORTATION's motor carrier transportation operational and trip control methods and procedures. It is not the intent of Plaintiff to overburden the Defendants. If the defendant, HUSKY TRANSPORTATION, will demonstrate their operational trip methods, procedures and documents system to Plaintiff, Plaintiff will attempt to simplify their request for the benefit of all concerned.)*

**REQUEST FOR PRODUCTION NO. 19:**

Complete and clearly readable copies of the "Driver Qualification File" maintained by HUSKY TRANSPORTATION on SADIC along with any other documents contained therein, in their precise state of existence on the date of the accident (December 19, 2016), encompassing his entire tenure with HUSKY TRANSPORTATION.

**REQUEST FOR PRODUCTION NO. 20:**

Any pre-employment questionnaires or other documents secured from SADIC prior to employment.

**REQUEST FOR PRODUCTION NO. 21:**

All annual violation statements for SADIC which should include one for each twelve months of contract or employment of with the Defendant motor carrier in this case.

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

CL-17-0640-A

**REQUEST FOR PRODUCTION NO. 22:**

All past employment inquiries sent to or secured from SADIC's former employers along with all responses received from former employers inclusive of all U. S. mail, personal contact or telephone inquiries and results directed to or received by HUSKY TRANSPORTATION from past employers of SADIC.

**REQUEST FOR PRODUCTION NO. 23:**

All inquiries to and answers received from any organization in reference to the driver's license record of traffic violations and accidents directed to and/or received by HUSKY TRANSPORTATION, or other organizations on it's behalf, from state or federal governmental agencies, or other organizations, relative to SADIC's traffic and accident record.

**REQUEST FOR PRODUCTION NO. 24:**

FOMCSFO or other law enforcement agencies, terminal audits or roadside equipment and/or driver inspections reports, traffic citations or traffic warnings, inclusive of any of the defendant's file reviews or summaries of violations of company, state or federal laws, rules or regulations committed by its drivers in the last 24 months.

**REQUEST FOR PRODUCTION NO. 25:**

Complete and clearly readable copies of any state or FMCSA, issued terminal audits, road equipment and/or driver compliance inspections or warnings and traffic citations issued in reference to the activities of HUSKY TRANSPORTATION, its drivers, and driver trainers, by any city, county, state or federal agency or law enforcement official in your possession of for the last 24 months. The request specifically includes any documents issued by any governmental agencies or officials in reference to violations of any State or Federal Motor Carrier Safety or Hazardous Materials Regulations that may have been issued in reference to the activities of SADIC or his co-drivers or driver trainers from January 1, 2012 to the present date.

**REQUEST FOR PRODUCTION NO. 26:**

Complete and clearly readable copies of all objects, photographs, drawings, reports, statements or otherwise described documents or objects in the possession of HUSKY TRANSPORTATION in reference to the accident as defined herein "excluding only" those written documents, materials and objects that can be clearly identified as the work product of the defendant's attorneys. This specifically includes any and all reports and written or electronically recorded statements made by any of the defendants to any other person, organization or governmental entity.

**REQUEST FOR PRODUCTION NO. 27:**

Complete and clearly readable copies of any and all HUSKY TRANSPORTATION officers, executives or administrator's notices, directives, bulletins, publications and manuals of any type or otherwise described written instructions in reference to the day-to-day motor carrier operating

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

and safety procedures to be followed by their company managers, supervisors, dispatchers and drivers. Specifically, any document relative to disciplinary policies or procedures for late freight delivery, motor fleet safety or failure to comply with the FMCSR in existence and effective as of December 19, 2016.

**REQUEST FOR PRODUCTION NO. 28:**

Complete and clearly readable copies of any and all created electronic or satellite "vehicular movement recording documents or records" such as QUALCOMM, Highway Master, American Mobile Satellite Corp. or any similar organization's records along with any trip recorder computer generated documents (ECM), tachograph charts, computer generated trip printouts (ECM) or any otherwise described documents generated by whatever means, in reference to the physical movement and/or geographical locations at a certain date and time of the vehicle involved in the accident from November 19, 2016 to December 19, 2016.

**REQUEST FOR PRODUCTION NO. 29:**

A photostatic copy of the front and back of SADIC's driver's license.

**REQUEST FOR PRODUCTION NO. 30:**

All daily driver vehicle inspection reports filed by SADIC for the sixty (60) days preceding and including December 19, 2016.

**REQUEST FOR PRODUCTION NO. 31:**

All reports by SADIC to HUSKY TRANSPORTATION or others of "reportable accidents," as that term is defined in "394.3 of the Federal Motor Carrier Safety Regulations."

**REQUEST FOR PRODUCTION NO. 32:**

All company dispatch logs for SADIC in possession of HUSKY TRANSPORTATION for dispatches of SADIC by HUSKY TRANSPORTATION from December 19, 2015 through December 19, 2016.

**REQUEST FOR PRODUCTION NO. 33:**

All documents reflecting HUSKY TRANSPORTATION's procedures for determining when you would load, where you would load and to what place you would haul.

**REQUEST FOR PRODUCTION NO. 34:**

All manuals, instructions, guidelines, directives, or memoranda concerning the performance or execution of the position held by SADIC at the time of the incident the basis of this lawsuit.

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

**REQUEST FOR PRODUCTION NO. 35:**

Any records, notes, files, memoranda, or other similar documentation indicating an awareness on HUSKY TRANSPORTATION's part that SADIC was an unsafe driver prior to December 19, 2016.

**REQUEST FOR PRODUCTION NO. 36:**

All documents relating to reservation of rights or denial of coverage on the part of any insurance carrier for HUSKY TRANSPORTATION with respect to this claim.

**REQUEST FOR PRODUCTION NO. 37:**

Any written, taped or mechanically reproduced/recorded statement, testimony, or videotape of any person named in responsive discovery of any party, either as someone with knowledge of relevant facts or as an expert, which was given or taken before HUSKY TRANSPORTATION had a good faith belief to reasonably anticipate a substantial chance that litigation would ensue in this case.

**REQUEST FOR PRODUCTION NO. 38:**

Any reports, memoranda, documents or materials of any type containing information concerning any type of investigation (including, but not limited to, obtaining any background, credit or criminal records, photographs, videotapes, or recorded statements, surveillance, following, eavesdropping, or interviewing persons) of Plaintiff or of any person named in responsive discovery by any party as a person with knowledge of relevant facts or as an expert which was performed by, for, or on behalf of HUSKY TRANSPORTATION, its insurer(s), any adjusting company, or any investigator concerning any liability or damages claims of Plaintiff as outlined in his latest original or amended pleadings on file which were prepared before HUSKY TRANSPORTATION had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue in this case.

**REQUEST FOR PRODUCTION NO. 39:**

Any reports, memoranda, documents or materials of any type which specifically indicate a date or occurrence on which HUSKY TRANSPORTATION relies for any contention that it had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue concerning any injury or damages being claimed on behalf of the Plaintiffs.

**REQUEST FOR PRODUCTION NO. 40:**

Copies of any and all statements previously made by HUSKY TRANSPORTATION concerning the incident the basis of this lawsuit, including any written statement signed or otherwise adopted or approved by HUSKY TRANSPORTATION hereto and any stenographic, mechanical,

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

electrical or other type of recording or any transcription thereof made by HUSKY TRANSPORTATION hereto and contemporaneously recorded.

**REQUEST FOR PRODUCTION NO. 41**:

Any and all drawings, maps or sketches of the scene of the incident the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 42**:

A copy of any contract of employment that would govern any relationship with any other party or bear on the issue of scope of employment.

**REQUEST FOR PRODUCTION NO. 43**:

Any and all settlement agreements, wherein HUSKY TRANSPORTATION has arrived at a settlement or agreement between HUSKY TRANSPORTATION and a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting there from.

**REQUEST FOR PRODUCTION NO. 44:**

Any and all photographs that you or HUSKY TRANSPORTATION has of the vehicles involved in the incident the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 45**:

Any and all photographs that you or HUSKY TRANSPORTATION has of the scene of the incident the basis of this lawsuit or any other matter relating to this case.

**REQUEST FOR PRODUCTION NO. 46**:

A copy of any movies, videotape or other reproduction that you or HUSKY TRANSPORTATION has of the scene of the incident the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 47**:

All registration documents for the vehicle involved in the incident the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 48**:

All lease and financial agreements for the vehicle involved in the incident the basis of this lawsuit.

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

**REQUEST FOR PRODUCTION NO. 49**:

Please produce any and all written policies and procedures provided to SADIC by HUSKY TRANSPORTATION regarding the type of driving experience an over-the-road driver must have before being hired by HUSKY TRANSPORTATION as an over-the-road driver.

**REQUEST FOR PRODUCTION NO. 50**:

Please produce any and all written policies and procedures provided to SADIC by HUSKY TRANSPORTATION regarding the driver qualification process for over-the-road drivers, whether employed directly or leased by HUSKY TRANSPORTATION.

**REQUEST FOR PRODUCTION NO. 51**:

Please produce any and all written policies and procedures provided to SADIC by HUSKY TRANSPORTATION regarding the procedures for its drivers.

**REQUEST FOR PRODUCTION NO. 52**:

All documents you reviewed in responding to these Requests for Production.

**REQUEST FOR PRODUCTION NO. 54**:

Complaint files, letters, or other similar documents identifying or describing the same or similar matters as those alleged by the Plaintiff in this cause of action against you and/or HUSKY TRANSPORTATION for the period from the preceding five (5) years to the present, that are in your possession, custody or control, as provided by the Texas Rules of Civil Procedure.

**REQUEST FOR PRODUCTION NO. 55**:

A copy of the title of the vehicle which SADIC was operating at the time of the collision made the basis of this cause of action.

**REQUEST FOR PRODUCTION NO. 56**:

Any cell phone bills that would show whether or not SADIC was using a cell phone in the 24-hour preceding the collision and the 12-hour period following the accident. This request includes, but is not limited to, complete cell phone bills for period including the day of the collision.

**REQUEST FOR PRODUCTION NO. 57**:

Produce a copy of the transcribed recorded statement that SADIC provided to HUSKY TRANSPORTATION's insurance carrier's agent/adjuster.

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

CL-17-0640-A

**REQUEST FOR PRODUCTION NO. 58:**

Produce all lawsuits or complaints filed against you and/or HUSKY TRANSPORTATION or its predecessors during the last five years wherein it was alleged that the negligence of an employee or agent of HUSKY TRANSPORTATION or its predecessor caused or contributed to a motor vehicle collision.

**REQUEST FOR PRODUCTION NO. 59:**

Produce all lawsuits or complaints filed against you and/or HUSKY TRANSPORTATION or its predecessors during the last five years involving serious bodily injuries or fatalities to third parties.

**REQUEST FOR PRODUCTION NO. 60:**

Produce true and correct copies of any documents you have obtained by subpoena from third parties related to this incident.

**REQUEST FOR PRODUCTION NO. 61:**

Produce true and correct copies of any agreements (whether they be master service agreements or specific to this load) that you have executed with any entity that pertained to the load you were hauling at the time of the accident, directly or indirectly.

**REQUEST FOR PRODUCTION NO. 62:**

Produce all maintenance and service records relating to the tractor trailer you were operating at the time of the accident.

**REQUEST FOR PRODUCTION NO. 63:**

Produce all safety and training manuals for HUSKY TRANSPORTATION employees and/or provided to you as it relates to the operation of HUSKY TRANSPORTATION owned or leased vehicles.

### PRAYER

WHEREFORE, Plaintiff ASHLEY MARIE MOYA prays that this cause be set for trial before a jury, that she recover judgment of and from the Defendants, HUSKY TRANSPORTATION, INC. and AVDO SADIC, for the actual damages in such amount as the evidence may show and the jury may determine to be proper, together with prejudgment interest,

Electronically Submitted
2/15/2017 10:26:00 AM
Hidalgo County Clerks Office
Accepted by: Jacquelyn Perez

**CL-17-0640-A**

post-judgment interest, cost of court, and such other and further relief to she may show herself to

be justly entitled.

Respectfully submitted,

*[signature]*

_____

John G. Escamilla
State Bar No. 00793699
john@escamillalawfirm.com
Oscar H. Lopez
State Bar No. 24010983
olopez@escamillalawfirm.com
ESCAMILLA LAW FIRM, PLLC
1021 Martin Avenue
McAllen, Texas 78504
Phone: (956) 618-4999
Fax: (888) 635-4715

And

_/s/ Louis Patino_____
Louis 'Doc' Patino
State Bar No.: 24081088
PATINO & ASSOCIATES, P.L.L.C.
1802 N. 10th Street
McAllen, Texas 78501
Phone: (956) 631-7771
Fax: (956) 631-7773
Email:patinolaw@yahoo.com

ATTORNEYS FOR PLAINTIFF ASHLEY MARIE MOYA

Ashley Marie Moya v. Avdo Sadic and
Husky Transportation, Inc.

# TAB 3

## TO INDEX OF MATTERS BEING FILED

Electronically Submitted
2/16/2017 2:51:14 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

DOCKET NO. CL-17-0640-A

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after you were served this Citation and Petition, a Default Judgment may be taken against you."

To:    HUSKY TRANSPORTATION, INC.
1019 BRAZOS STREET
AUSTIN,TEXAS 78701

GREETING:

YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #1 of HIDALGO COUNTY, Texas, at the Courthouse, Hidalgo County Clerk's Office, 100 N. Closner, Edinburg, Texas.

Said Plaintiff's Petition was filed in said Court, on the 15th day of February, 2017 in this Cause Numbered CL-17-0640-A on the docket of said Court, and styled,

**ASHLEY MARIE MOYA**
**vs.**
**AVDO SADIC; HUSKY TRANSPORTATION, INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
JOHN G. ESCAMILLA
1021 MARTIN AVE
MCALLEN, TEXAS 78504

The officer executing this Citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 16th day of February, 2017.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
County Court at Law #1

BY _____ DEPUTY
ESTER C. ESPINOZA

Electronically Submitted
2/16/2017 2:51:14 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN

    Came to hand on the _____ day of _____ , 20 ____, at _____ o'clock _____ M., by
Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

    Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true
copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the
following
Date, time, and place, to-wit:

    NAME _____ DATE _____ TIME _____ PLACE _____


By: _____       By: _____
      CIVIL PROCESS SERVER              DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
    Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but
to no avail:

    NAME _____ DATE _____ TIME _____ PLACE _____

    NAME _____ DATE _____ TIME _____ PLACE _____

    NAME _____ DATE _____ TIME _____ PLACE _____


By; _____       By: _____
      CIVIL PROCESS SERVER              DEPUTY SHERIFF/CONSTABLE

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return
is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the
penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is

_____ and i declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ___ day of _____, 201____.


_____
DECLARANT


_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Cause Number CL-17-0640-A

| | | |
|---|---|---|
| **ASHLEY MARIE MOYA** | § | IN THE COUNTY COURT |
| | § | |
| VS | § | MAR 0 3 2017 |
| | § | |
| AVDO SADIC AND | § | COUNTY COURT AT LAW #1 |
| HUSKY TRANSPORTATION, INC | § | BY |
| | § | |
| | § | HIDALGO COUNTY, TEXAS |

| | | |
|---|---|---|
| STATE OF TEXAS | § | |
| | § | **AFFIDAVIT** |
| COUNTY OF HIDALGO | § | |

Before me, the undersigned authority, on this day personally appeared Jeremy Garate who after being duly sworn did upon oath state the following:

I am over the age of 18 years and I am fully competent to testify to matters stated in this affidavit.

I have personal knowledge of the facts and statements contained in this affidavit and each is true and correct.

I Served HUSKY TRANSPORTATION, INC. a CITATION, PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURES, INTERROGATORIES AND REQUEST FOR PRODUCTION at 1019 BRAZOS STREET, AUSTIN TEXAS, by certified mail and received on February 24, 2017.

Jeremy Garate

Before me, a notary public, on this day personally appeared Jeremy Garate known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared under oath that the statements therein contained are true and correct.

Given under my hand and seal of office this 1st day of March 2017.

Sonia Maupin

Notary Public

SONIA MAUPIN
Notary Public, State of Texas
Comm. Expires 11-28-2019
Notary ID 1048985

Electronically Submit
2/16/2017 2:51:14 I
Hidalgo County Clerks Off
Accepted by: Ester Espinc

DOCKET NO. CL-17-0640-A

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after you were served this Citation and Petition, a Default Judgment may be taken against you.

To:     HUSKY TRANSPORTATION, INC.
        1019 BRAZOS STREET
        AUSTIN,TEXAS 78701

MAR 0 3 2017

ARTURO GUAJARDO JR., COUNTY CLERK
COUNTY COURT AT LAW NO. _____ OF HIL\_GO CO
BY _____ DEPUTY

GREETING:

        YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #1 of HIDALGO COUNTY, Texas, at the Courthouse, Hidalgo County Clerk's Office, 100 N. Closner, Edinburg, Texas.

        Said Plaintiff's Petition was filed in said Court, on the 15th day of February, 2017 in this Cause Numbered CL-17-0640-A on the docket of said Court, and styled,

### ASHLEY MARIE MOYA
#### vs.
### AVDO SADIC; HUSKY TRANSPORTATION, INC.

        The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL petition accompanying this Citation and made a part hereof.

        NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
                JOHN G. ESCAMILLA
                1021 MARTIN AVE
                MCALLEN, TEXAS 78504

        The officer executing this Citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

        ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 16th day of February, 2017.

                                ARTURO GUAJARDO, JR.
                                COUNTY CLERK, HIDALGO COUNTY, TEXAS
                                100 N. CLOSNER
                                EDINBURG, TEXAS 78539
                                County Court at Law #1

                                BY _____ DEPUTY
                                        ESTER C. ESPINOZA

Electronically Submit
2/16/2017 2:51:14 I
Hidalgo County Clerks Off
Accepted by: Ester Espinc

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
    Came to hand on the _16_ day of _February_____, 20 _17_, at _2:00_ o'clock _P___ M., by
Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

    Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true
copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the
following
Date, time, and place, to-wit:

    NAME _Husky Transportation, Inc,_ DATE _2-24-17_ TIME _____ PLACE _1019 Brazos St, Austin, Tx_

    By: _____                           By: _____
            CIVIL PROCESS SERVER                                    DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
    Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but
to no avail:

    NAME _____ DATE _____ TIME _____ PLACE _____

    NAME _____ DATE _____ TIME _____ PLACE _____

    NAME _____ DATE _____ TIME _____ PLACE _____

By; _____                           By: _____
        CIVIL PROCESS SERVER                                    DEPUTY SHERIFF/CONSTABLE

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF,
## CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return
is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the
penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _Jeremy Garza_, my date of birth is _10/16/81_ and the address is

_1111 w. Nolana Ave_ and i declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _Hidalgo_ County, state of Texas, on the _24_ day of _February_ 201_7_.

_____
DECLARANT

_9/30/17   SCH 9116_
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HuSKy Transfortation, INc.
1019 Brazos St.
Austin, Tx 78701

9590 9402 1533 5362 7960 95

2. Article Number (Transfer from service label)

9414 7102 0982 304 13 2929

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addres.

B. Received by (Printed Name)

C. Date of Deliv

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

SPOICK

FEB 24 2017

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

Ashley Marie Moya v. Avdo Sadic and
Husky Transportation, Inc.

# TAB 4

TO INDEX OF MATTERS BEING FILED

Electronically Submitted
2/16/2017 4:17:54 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

DOCKET NO. CL-17-0640-A

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after you were served this Citation and Petition, a Default Judgment may be taken against you."

To:    AVDO SADIC
       47992 THISTLE DRIVE
       MACOMB, MI 48044 / OR WHEREVER HE
       MAY BE FOUND.

GREETING:

YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #1 of HIDALGO COUNTY, Texas, at the Courthouse, Hidalgo County Clerk's Office, 100 N. Closner, Edinburg, Texas.

Said Plaintiff's Petition was filed in said Court, on the 15th day of February, 2017 in this Cause Numbered CL-17-0640-A on the docket of said Court, and styled,

**ASHLEY MARIE MOYA**
vs.
**AVDO SADIC; HUSKY TRANSPORTATION, INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
       JOHN G. ESCAMILLA
       1021 MARTIN AVE
       MCALLEN, TEXAS 78504

The officer executing this Citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 16th day of February, 2017.

ARTURO GUAJARDO, JR.
COUNTY CLERK, HIDALGO COUNTY, TEXAS
100 N. CLOSNER
EDINBURG, TEXAS 78539
County Court at Law #1

BY _____ DEPUTY
       ESTER C. ESPINOZA

Electronically Submitted
2/16/2017 4:17:54 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN
    Came to hand on the _____ day of _____ , 20 _____, at _____ o'clock _____ M., by
Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

    Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

    NAME _____ DATE _____ TIME _____ PLACE _____

By: _____      By: _____
      CIVIL PROCESS SERVER                    DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**
    Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

    NAME _____ DATE _____ TIME _____ PLACE _____

    NAME _____ DATE _____ TIME _____ PLACE _____

    NAME _____ DATE _____ TIME _____ PLACE _____

By; _____      By: _____
      CIVIL PROCESS SERVER                    DEPUTY SHERIFF/CONSTABLE

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____ and the address is

_____ and i declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ___ day of _____, 201____.

_____
DECLARANT

_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

Ashley Marie Moya v. Avdo Sadic and
Husky Transportation, Inc.

# TAB 5

## TO INDEX OF MATTERS BEING FILED

Electronically Submitted
3/21/2017 3:59:45 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CAUSE NO. CL-17-0640-A

| | | |
|---|---|---|
| ASHLEY MARIE MOYA | : | IN THE COUNTY COURT |
| | : | |
| VS. | : | AT LAW NO. 1 |
| | : | |
| AVDO SADIC and HUSKY | : | |
| TRANSPORTATION, INC. | : | HIDALGO COUNTY, TEXAS |

## DEFENDANT HUSKY TRANSPORTATION, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, **HUSKY TRANSPORTATION, INC.**, and files this its Original Answer, and in support thereof would show the Court as follows:

### I.

### GENERAL DENIAL

This Defendant denies each and every material allegation in Plaintiff's petition contained, and say that the same are not true, in whole or in part, and demand strict proof thereof.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that upon final hearing hereof that it be discharged without liability and for such other and further relief, both at law or in equity, to which this Defendant may show itself justly entitled to receive, including attorneys' fees and costs.

Electronically Submitted
3/21/2017 3:59:45 PM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, TX 78551-1429
(956) 428-7495
(956) 428-2954 (fax)

By_____
BARRY RAY
State Bar No. 16606355
Email: bray@adamsgraham.com

ATTORNEYS FOR DEFENDANT

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the 21st day of March, 2017.

John G. Escamilla                                      *Via E-Service*
Oscar H. Lopez
ESCAMILLA LAW FIRM, PLLC
1021 Martin Avenue
McAllen, Texas 78504
and
Louis "Doc" Patino                                     *Via E-Service*
PATINO & ASSOCIATES, P.L.L.C.
1802 N. 10th Street
McAllen, Texas 78501
***Attorney for Plaintiff***

_____
BARRY RAY

Ashley Marie Moya v. Avdo Sadic and
Husky Transportation, Inc.

# TAB 6

TO INDEX OF MATTERS BEING FILED

Electronically Submitted
3/22/2017 10:19:10 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

CAUSE NO. CL-17-0640-A

| ASHLEY MARIE MOYA | : | IN THE COUNTY COURT |
| | : | |
| VS. | : | AT LAW NO. 1 |
| | : | |
| AVDO SADIC and HUSKY | : | |
| TRANSPORTATION, INC. | : | HIDALGO COUNTY, TEXAS |

## DEFENDANT AVDO SADIC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant, **AVDO SADIC**, and files this his Original Answer, and in support thereof would show the Court as follows:

### I.

### GENERAL DENIAL

This Defendant denies each and every material allegation in Plaintiff's petition contained, and say that the same are not true, in whole or in part, and demand strict proof thereof.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays that upon final hearing hereof that he be discharged without liability and for such other and further relief, both at law or in equity, to which this Defendant may show himself justly entitled to receive, including attorneys' fees and costs.

Electronically Submitted
3/22/2017 10:19:10 AM
Hidalgo County Clerks Office
Accepted by: Ester Espinoza

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Drawer 1429
Harlingen, TX 78551-1429
(956) 428-7495
(956) 428-2954 (fax)

By_____
       BARRY RAY
       State Bar No. 16606355
       Email: bray@adamsgraham.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was forwarded to the following counsel of record on this the _____ day of March, 2017.

John G. Escamilla                                   *Via E-Service*
Oscar H. Lopez
ESCAMILLA LAW FIRM, PLLC
1021 Martin Avenue
McAllen, Texas 78504
and
Louis "Doc" Patino                                  *Via E-Service*
PATINO & ASSOCIATES, P.L.L.C.
1802 N. 10th Street
McAllen, Texas 78501
*Attorney for Plaintiff*

_____
BARRY RAY